# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

*THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-
ENTS, *v.* JAMES W. CLARK, APPELLANT.

*Power of the court to direct one of several persons, jointly indicted, to be tried sepa-
rately — when a person is not disqualified to sit as a juror by reason of an existing
opinion as to the guilt of the accused — when evidence not alleged in the indictment
is admissible in support of the charge of fraud there made — when evidence of a
settlement with a third person is not admissible in favor of the party indicted —
misconduct of juror — when a conviction will not be reversed therefor — duty of
counsel to present objections at the time of the commission of the improper act.*

WRIT OF ERROR to review an appeal from a judgment upon a
verdict of conviction taken at the Onondaga Court of Sessions after
a trial of the defendant upon an indictment found and filed Octo-
ber 15th, 1880, charging the defendant with the crime of having
obtained property by means of false and fraudulent representations,
and also an appeal from an order denying the defendant's motion
for a new trial made upon the evidence and exceptions taken upon
the trial, and also upon the ground of the alleged misconduct of
the jury.

The indictment charged the defendant with having falsely and
fraudulently represented that a certain mortgage executed by Irving
W. Darrow and wife on the 5th of August, 1879, to Mrs. Maggie
Clark, of the village of Danforth, "is a first-class security and is a
*bona fide* purchase-money mortgage, and that the premises described
therein were sold by Maggie Clark to Irving W. Darrow for the
sum of six thousand dollars; four thousand dollars of which said
sum was paid down and said mortgage was given for the balance of
the purchase-money; that the said premises described in said mort-
gage were sold by the said Maggie Clark to the said Irving W.
Darrow for a consideration of six thousand dollars; four thousand
dollars thereof paid down in cash by the said Darrow to the said

*Decided, September, 1885.

Maggie Clark, and the said mortgage given by the said Darrow to the said Maggie Clark for the balance of the said purchase-money for the consideration of six thousand dollars; that there is a house and barn situate on the said mortgaged premises; that the land described in the mortgage is worth one hundred dollars per acre, and is good farming land and is lying on the bank of the Hudson river in this State; that the taxes paid yearly upon the said mortgaged premises amount to one hundred dollars; that the said mortgage as security for the sum of two thousand dollars can't be beat."

The indictment also charged that the representations were false and fraudulent and that by means thereof John Fay and Ellen F. Fay his wife, were thereby induced to purchase the mortgage and bond accompanying the same "and to sign and put their respective signatures and seals to a certain instrument of the kind commonly called a warranty deed," bearing date the 16th day of December, 1879, whereby they conveyed to one Alexander McKinstry, Jr., of Syracuse, parts of lots number twenty-four and twenty-six in the Onondaga Salt Springs Reservation and their appurtenances, and the premises so conveyed consist of about thirty acres of land of the value of $2,500.

The indictment was found against James W. Clark, Maggie Clark, Irving W. Darrow, Augustus Cholet and L. Adelbert Snow. Clark was arraigned and plead not guilty and the district attorney moved his trial in the Court of Sessions, on May 7, 1884.

The prisoner's counsel objected, viz., "to the indictment being moved against James W. Clark alone, on the ground it is only optional with him to have a separate trial, and that the district attorney or court have no power to order or move the indictment in this form." The objection was overruled and the defendant excepted. The defendant was thereupon arraigned and plead "not guilty." The defendant again objected "to the district attorney moving the indictment against him alone." That objection was overruled and an exception taken. The trial proceeded against the defendant James W. Clark, alone.

The court at General Term, said: "No prejudicial error occurred in ordering a separate trial, although the defendant had been indicted with other persons. Such order was made before the jury

was impanneled, and the making or refusing of such an order was within the discretion of the court.

"Nothing is found in the appeal book before us warranting the conclusion that that discretion was improperly used or abused or that the defendant's rights were prejudiced by the order. A similar question was presented in the case of *Armsby* v. *The People* (2 Sup. Ct. Rep. [T. & C.], 159), and it was resolved adverse to the prisoner. We are satisfied with the reasoning contained in the opinion of Judge POTTER, in that case. (See, also, *The People* v. *McIntyre*, 1 Park., 371; *Patterson* v. *The People*, 46 Barb., 625; *Fralich* v. *The People*, 65 id., 48.)

"*Second.* We are of the opinion that no error was committed by the court in allowing Fairbanks to sit as a juror. He testified, viz.: 'If I was sworn as a juror in this case I could take my place and decide it according to the evidence given on the trial, and my previous impressions would not influence my verdict, and I believe I can render an impartial verdict according to the evidence.'

"The trial court was satisfied that the person so proposed as a juror did not entertain such a present opinion as would influence his verdict as a juror. We think chapter 475 of the Laws of 1872 and amendments thereto apply, and that Fairbanks was a legal juror and that there was no error in the ruling of the court in permitting him to sit as a juror. (*People* v. *Welch*, 1 N. Y. Crim. Rep., 486, opinion of HARDIN, J.; *People* v. *Casey*, 2 id., 196; *People* v. *Cornetti*, 92 N. Y., 85; *Abbott* v. *The People*, 86 id., 467; *Balbo* v. *The People*, 80 id., 494, 513; *People* v. *Phelps*, 83 id., 457.) The declaration of the juror in the case of the *People* v. *Casey* (96 id., 115), was not a full compliance with the statute in that case and is therefore distinguishable from this one.

"*Third.* We think it was competent to prove upon the trial that the mortgage in question had been assigned by Maggie Clark to Augustus Cholet, on the 10th day of September, 1879, and that an acknowledgment of such assignment was taken before James W. Clark, notary; and that Augustus Cholet assigned the same to John Fay, although the assignments were not particularly alleged in the indictment.

"The assignments form a part of the facts necessary to show that John Fay received the mortgage in reliance upon the representa-

tions made in respect thereto by the defendant Clark, and that the assignments form a part of the inducements used by Clark to consummate the fraud charged in the indictment.

"*Fourth.* We are of the opinion that no error was committed in excluding evidence offered for the purpose of showing that subsequent to the consummation of the fraud some settlement, in respect to the damages sustained by the complainant, was had with one McKinstry. Such a settlement could not purge the wrong of the defendant if any such had occurred. (*People* v. *Stone*, 9 Wend., 190; *People* v. *Sully*, 5 Park., 170.)

      *       *       *       *       *

"*Twenty-first.* It appears from an affidavit of Charles E. Burke, that while the trial was progressing, one of the jurors engaged in hearing the case, to wit, Mr. Fairbanks, was employed in reading 'The Syracuse Standard' of the date of May 10, 1884, a newspaper published in Syracuse, N. Y., containing a highly sensational account of the trial.

"That from time to time between 11.30 and 12 M. on said May tenth another of the said jurors, to wit, Mr. Baxter, was also engaged in reading the 'Syracuse Standard' of May tenth, being the same paper that Fairbanks had read. The affiant also attaches to the affidavit a copy of the article referred to.'

"In the case presented to us we find following the affidavit in question a statement made by the court as follows, viz.: 'The stenographer may note that the court observes that the maker of this affidavit has been engaged apparently during the trial as an associate of the counsel for the defense, making suggestions to him, handing him books and apparently engaged as associate counsel. The affidavit is entirely insufficient of its own weight and character to show that any juror during this trial read this article referred to,' and after making further observations the court denied the motion resting upon the affidavit to set aside the verdict.

"In *Enos* v. *Dayharsh* (1 Seld., 534) the court remarks, viz.: 'A person may silently acquiesce in, or expressly consent to, an irregular impanneling of the jury or to a trial by a jury of less than the legal number or by incompetent jurors. * * * Consent, either expressly or by implication, waives all objection to irregularities which occur in the progress of a cause.'

" In *The People* v. *Morrissey* (1 Sheldon, 295) it appeared that one of the jurors fell asleep and that fact was discovered by the prisoner's counsel and by himself, and no objection was taken thereto at the time, but it was urged subsequently that that was a ground for granting a new trial. The court held otherwise and denied the motion.

" It is incumbent upon a party seeking to set aside a verdict for the misconduct of a juror to clearly establish the fact relied upon. (*People* v. *Kelly*, 94 N. Y., 526; *Ostrander* v. *People*, 28 Hun, 48; *People* v. *Draper*, 1 N. Y. Crim. R., 138.)

" We are of the opinion that the court properly denied the motion based upon the affidavit of Mr. Burke. The views already expressed lead us to sustain the verdict, judgment and orders brought before us by the writ of error and the appeal."

Judgment and order affirmed, and proceedings remitted to the Court of Sessions of Onondaga county.

*Forbes, Brown & Tracy*, for the appellant.

*C. H. Lewis*, district attorney, and *B. J. Shove*, for the people.

Opinion by HARDIN, P. J.; FOLLETT and MERWIN, JJ., concurred,

Judgment and orders affirmed and proceedings remitted to the Court of Sessions of Onondaga county with directions to proceed.